**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE, a 501(c)(3) non-profit corporation;<br><br>    *Plaintiff,*<br><br>    v.<br><br>RHODE ISLAND PUBLIC TRANSIT AUTHORITY, a quasi-public transit agency;<br><br>    *Defendant*. | CASE NO.: |

**COMPLAINT FOR EQUITABLE RELIEF**

**Introduction**

1.    Defendant Rhode Island Public Transit Authority, commonly known as RIPTA, provides public transportation throughout the state of Rhode Island. Paid advertising on RIPTA's buses and bus shelters reaches tens of thousands of people daily.

2.    In 2024, Plaintiff Physicians Committee for Responsible Medicine ("Physicians Committee") sought to purchase space in which to run the following advertisement on RIPTA bus shelters to raise public awareness about emergency medicine training courses, conducted by Rhode Island Hospital and Brown University, in which trainees are instructed to cut into the throats of live pigs, after which the pigs are killed:

EVANS & PAGE<br>SAN FRANCISCO

# Brown and Rhode Island Hospital: Stop Killing Animals to Train Doctors



Rhode Islanders deserve doctors trained using the latest methods. But Brown University and Rhode Island Hospital are asking emergency medicine physicians to translate pig anatomy to human patients. Those trainees perform a single procedure on live pigs—then the animals are killed.

**Across the U.S. and Canada, 97% of hospitals and medical schools have replaced animals for teaching emergency procedures.** Harvard, Yale, Columbia, and every other Ivy League school all teach using high-tech devices based on human anatomy. Kent Hospital in Warwick replaced animals more than a decade ago!

Tell Brown and Rhode Island Hospital leaders to use human-relevant training methods: **RhodeIslandDeservesBetter.org**

PAID FOR BY THE PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE

3.      RIPTA rejected Physicians Committee's advertisement on grounds that it mentioned Brown University (and Rhode Island Hospital) by name. RIPTA did this despite, in 2020, approving a Physicians Committee advertisement that similarly referred to Brown University by name alongside the identical phrase "stop killing animals to train doctors."

4.      By refusing to accept and run Physicians Committee's 2024 advertisement, RIPTA violated Physicians Committee's rights under the First and Fourteenth Amendments to the U.S. Constitution.

EVANS & PAGE
SAN FRANCISCO

**Jurisdiction and Venue**

5. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as this is an action to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States. Physicians Committee seeks remedies under 42 U.S.C. §§ 1983 and 1988 (protection of constitutional rights), Fed R. Civ. P. 65 (injunctive relief), and 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57 (declaratory relief).

6. Venue is proper under 28 U.S.C. § 1391 because RIPTA's acts in violation of the United States Constitution have arisen and continue to arise in the District of Rhode Island.

**Parties**

7. Plaintiff Physicians Committee is a nonprofit membership organization headquartered at 5100 Wisconsin Avenue NW, Suite 400, Washington, DC 20016. Established in 1985, Physicians Committee advocates for preventive medicine, supports higher ethical standards in research and medical training, and conducts clinical research. For nearly four decades, Physicians Committee has worked to improve public safety and public health by ensuring that medical training is performed using the most sound educational methods consistent with the highest ethical principles.

8. Defendant RIPTA is a quasi-public transit authority. The Rhode Island General Assembly created RIPTA in 1964, ending the privatization of the state's transit system. RIPTA operates every day of the week, serving 37 of Rhode Island's 39 municipalities with 2,700 daily trips on nearly 60 statewide fixed-bus routes. At all times relevant to the matters set forth in this Complaint, RIPTA acted under color of state law.

**Statement of Facts**

9. RIPTA sells advertising space on buses and bus shelters to paid advertisers.

EVANS & PAGE
SAN FRANCISCO

COMPLAINT                                Page 3

10. Vector Media, LLC ("Vector") serves as RIPTA's advertising manager for sales and placement.

11. At all times relevant to the matters set forth in this Complaint, RIPTA had and currently has in place a written policy ("Policy"), effective November 23, 2015, titled "ADVERTISING STANDARDS POLICY." The Policy contains the guidelines for advertising that runs in the RIPTA system.

12. Prospective advertisers submit proposed advertisements to Vector. RIPTA retains the discretion to determine whether a proposed advertisement complies with the Policy.

13. In 2018, Physicians Committee contacted Emergency Medicine faculty members at Brown University to request that they consider ending the use of live animals to train residents. Since then, Physicians Committee, Rhode Island state legislators, journalists, and many physicians have called on Brown University and Rhode Island Hospital to replace animals in their emergency medicine residency program.

14. On August 16, 2019, the Editorial Board of *The Boston Globe* authored an editorial, titled "Time for a humane change at Brown," in which it wrote, "Thanks to technological advances, it's now possible for emergency room doctors to prepare for their life-saving work without the need to train on animals."

15. On April 24, 2019, a group led by a physician demonstrated at Brown University to urge the replacement of animals in the emergency medicine residency program. A similar demonstration occurred at the university on October 13, 2022.

16. In 2019, Rhode Island State Representative Joseph Solomon, Jr., introduced legislation designed to require Brown University and Rhode Island Hospital to replace animals for emergency medicine training. Subsequently, similar legislation was introduced in the Rhode Island General Assembly in 2020, 2021, 2022, and 2023. In 2024, Rhode Island State Senator John Burke

EVANS & PAGE
SAN FRANCISCO

and State Representative Patricia Serpa introduced similar bills. On April 23, 2024, the Rhode Island Senate Health and Human Services Committee held a hearing during which 10 physicians, one Brown University medical student, and one veterinarian testified in person or in writing in support of the pending legislation.

17. In 2022, more than 500 Brown University students, faculty, and staff signed a petition to university leaders urging the replacement of animals in the emergency medicine residency program.

18. On October 16, 2022, *The Brown Daily Herald* ran an op-ed titled "It's past time Brown stopped abusing pigs to teach medicine," stating that "Brown is the only Ivy League school that still uses animals for [this type of] medical training."

19. In 2020, Physicians Committee submitted, and RIPTA approved, the following advertisement ("Providence bus shelter ads"):



EVANS & PAGE
SAN FRANCISCO

20.    In February 2024, Physicians Committee contacted Vector, seeking to place another advertisement on RIPTA's bus shelters as part of its ongoing public education campaign.

21.    On March 1, 2024, Physicians Committee submitted to Vector a tentative version of its proposed advertising content ("Original Proposal"), noting that "design elements will change when my Publications team creates the final, but the text and image will stay the same."

22.    The Original Proposal included a photograph of a pig on a hospital bed and the following text: "Brown and Rhode Island Hospital Think You're a Pig."

23.    On March 12, 2024, Vector rejected the Original Proposal, stating, "We wouldn't be able to accept your creative with the specific named organizations/entities. If possible, revising the creative to use general messaging criticizing utilizing animals in clinical testing would make the campaign acceptable for our team."

24.    On March 18, 2024, Physicians Committee responded, "We were able to post the attached Providence bus shelter ads in 2020, which called out Brown. Has there been a policy change since then?"

25.    On March 19, 2024, Vector responded, "I went back to management to confirm and, recently, there's been an influx of customers looking to run advertising with messaging that could be perceived as sensitive/polarizing. Because of this, Vector management (regionally) has tightened up on accepting ads that are taking a stance on an issue. Unfortunately, I can't get approval for your ad in its current state."

26.    In response to Physicians Committee's subsequent request for a policy supporting this determination, on March 22, 2024, Vector provided an excerpt of its advertising contract in which the following text was highlighted: "Any and all text and images contained in such Advertising Copy, and the material used, shall be subject to approval by the Company as well as any required party with whom the Company has contracted for the applicable media space (the

'Media Partner'). Such approval is required prior to any production of advertising materials and any decision as to acceptability shall be final and without liability to either the Company or the Media Partner."

27. On April 16, 2024, Physicians Committee contacted RIPTA's chief legal counsel, requesting that RIPTA approve the Original Proposal, explaining that the "recently submitted ad is very similar to an ad . . . that has run numerous times since February in the print and online versions of the Providence Journal."

28. Physicians Committee further stated that the Original Proposal "relates to an issue that has garnered significant interest from the public and legislators. This year, Rhode Island state legislators introduced S 2398 and H 7234 to address the use of animals in emergency medicine training at Brown University and Rhode Island Hospital—a practice that is wildly out of step with medical training in the United States. In fact, 97 percent of surveyed emergency medicine programs use nonanimal methods for training."

29. Physicians Committee further stated that "in August 2019, the editorial board of The Boston Globe—New England's largest newspaper—declared that it is 'time for a humane change at Brown' and called on the university to halt its use of animals."

30. Physicians Committee provided internet links to independent sources substantiating the Original Proposal's text.

31. On April 18, 2024, RIPTA, via its director of communications and public outreach, responded,

> As the Director of Communications & Public Outreach, I oversee RIPTA's bus advertising. I understand that you would like us to approve a bus advertisement, which specifically targets Brown University and Rhode Island Hospital, based on a previous advertisement approval.
> [ ]
> Since stepping into this role last year, I've asked Vector Media to ensure that all advertisements conform to our Advertising Standards Policy.
> . . .

I recommend removing the specific organizations from the advertisement and revising it to use more general messaging to criticize the use of animals in clinical testing.

32.    On April 19, 2024, Physicians Committee submitted to RIPTA's director of communications and public outreach the following revised proposal ("Revised Proposal"), which employs the phrase "Stop Killing Animals to Train Doctors" in reference to Brown University and Rhode Island Hospital, much as the 2020 advertisement had as to Brown University:



# Brown and Rhode Island Hospital: Stop Killing Animals to Train Doctors

Rhode Islanders deserve doctors trained using the latest methods. But Brown University and Rhode Island Hospital are asking emergency medicine physicians to translate pig anatomy to human patients. Those trainees perform a single procedure on live pigs—then the animals are killed.

**Across the U.S. and Canada, 97% of hospitals and medical schools have replaced animals for teaching emergency procedures.** Harvard, Yale, Columbia, and every other Ivy League school all teach using high-tech devices based on human anatomy. Kent Hospital in Warwick replaced animals more than a decade ago!

Tell Brown and Rhode Island Hospital leaders to use human-relevant training methods:
**RhodeIslandDeservesBetter.org**

PAID FOR BY THE PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE

33.    On April 26, 2024, RIPTA rejected the Revised Proposal, stating, "Unfortunately, this revised advertisement still does not adhere to our policy or Vector Media's policy. I've attached our policy for your review; this revised advertisement is still considered demeaning as defined in our policy. Additionally, the approval of this advertisement as is could be construed as though RIPTA is endorsing a potentially controversial position. Therefore, based on the language listed in both policies, we are rejecting this advertisement."

34.    RIPTA's Policy states in part,

> The purpose of this Policy is to establish standards for advertising on RIPTA facilities and vehicles, including but not limited to the interior of and exterior of buses, bus shelters, and buildings (collectively "RIPTA Property"). This Policy shall apply to any outside entity that leases advertising space on RIPTA Property.
> . . .
> No advertisement containing any of the following content shall be placed or maintained on any RIPTA Property:
>
>     i.    Demeaning or Disparaging. An advertisement that contains material that demeans or disparages an individual or group of individuals. For purposes of determining whether an advertisement contains such material, RIPTA will determine whether a reasonably prudent person, knowledgeable of RIPTA's ridership and using prevailing community standards, would believe that the advertisement contains material that ridicules or mocks, is abusive or hostile to, or debases the dignity or stature of, an individual or group of individuals;
> . . .
>     x.    Endorsement. An advertisement that implies or declares an endorsement by RIPTA of any service, product or point of view, without prior written authorization of RIPTA.

35.    The Policy has not changed since 2013. RIPTA's advertising policy in 2024 is the same policy as the one in 2020, when RIPTA accepted a Physicians Committee advertisement that was substantively identical to the 2024 Revised Proposal.

36.    As acknowledged by RIPTA, RIPTA accepted the 2020 advertisement but rejected the similar 2024 Revised Proposal not due to differences in the advertisements but rather due to (a)

a new official "stepping into" the role of overseeing RIPTA's bus advertising and (b) the new official's vague request that Vector "ensure that all advertisements conform to" the Policy.

## Cause of Action
### Infringement of Freedom of Speech
### First and Fourteenth Amendments to the U.S. Constitution (42 U.S.C. § 1983)

37.     Physicians Committee incorporates the allegations contained in the preceding paragraphs as if set forth fully herein.

38.     RIPTA's written Policy does not represent its actual policy.

39.     In practice, RIPTA has not consistently enforced the Policy. RIPTA rejects the Revised Proposal on grounds that it is demeaning and could be construed as though RIPTA endorsed a controversial position, yet it accepted a virtually identical advertisement in 2020 under the same Policy.

40.     RIPTA admits that it has not consistently enforced the Policy, explaining that changes in acceptability have occurred because since last year RIPTA has "asked Vector Media to ensure that all advertisements conform to our Advertising Standards Policy." Vector, as RIPTA's advertising manager, confirms that it has only *recently* "tightened up on accepting ads that are taking a stance on an issue."

41.     The Revised Proposal cannot be reasonably understood as demeaning.

42.     The Revised Proposal does not reasonably imply or declare an endorsement by RIPTA of its viewpoint.

43.     Through inconsistent policy and practice, RIPTA has created a public forum in its bus advertising. As such, any content-based restrictions on advertising are subject to strict scrutiny, and must be (1) narrowly tailored to serve a compelling government interest and (2) the least restrictive means of achieving that interest.

44.     RIPTA's refusal to accept and run Physicians Committee's Revised Proposal is a content-based restriction that fails to survive strict scrutiny in violation of Physicians Committee's First and Fourteenth Amendment rights.

45.     Even if RIPTA has created a nonpublic forum, its refusal to accept and run the Revised Proposal on the basis that doing so could be construed as though RIPTA is endorsing a "potentially controversial position" constitutes viewpoint discrimination in violation of Physicians Committee's First and Fourteenth Amendment rights.

46.     Even if RIPTA has created a nonpublic forum, its refusal to accept and run the Revised Proposal is arbitrary, capricious, and haphazard and therefore unreasonable in violation of Physicians Committee's First and Fourteenth Amendment rights.

47.     Physicians Committee has suffered and will continue to suffer irreparable harm because of RIPTA's violation of its First and Fourteenth Amendment rights.

**Requested Relief**

Physicians Committee requests that this Court:

a.     Declare that RIPTA has violated and is violating Physicians Committee's rights under the First and Fourteenth Amendment to the United States Constitution;

b.     Declare that RIPTA's interpretation and implementation of its Policy's "Demeaning" provision and "Endorsement" provision are unconstitutional as applied to Physicians Committee's Revised Proposal under the First and Fourteenth Amendments to the United States Constitution;

d.     Order RIPTA to accept and display Physicians Committee's Revised Proposal on terms no less favorable than those given to other advertisers;

e.     Award Physicians Committee its costs and reasonable attorneys' fees in this action; and

EVANS & PAGE
SAN FRANCISCO

f.      Grant such other and further relief as the Court deems appropriate.

Plaintiff
Physicians Committee for Responsible Medicine
By its Attorneys


Law Office of Mark B. Morse, LLC

/s/  Mark B. Morse

Mark B. Morse
RI Bar Reg No 3003
420 Angell Street
Providence, RI 02906
ph:  (401) 831-0555
fax: (401) 273-0937
mark@morselawoffice.com


***Pro hac vice applicant:***

***/s/ Corey Page***
Corey Page
EVANS & PAGE
2912 Diamond Street #346
San Francisco CA 94131
ph:  (415) 896-5072
fax: (415) 358-5855
cpage@evansandpage.com